IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARRONE LAW FIRM, LLC**
**Joseph M. Marrone, Esq.**   ATTORNEY FOR DEFENDANT
Attorney Identification No. 64920
200 S. Broad St., Suite 400
Philadelphia, PA 19102
(215) 732-6700
jmarrone@marronelaw.com

_____

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| VS. | : | DOCKET NO. 0090 1:21CR00456-001 |
| | : | |
| BRIAN E. STENZ | : | |

_____

**DEFENDANT'S RESPONSE TO GOVERNTMENTS SENTENCING MEMORANDUM**

Defendant, Brian Stenz, is 51 year old man from Montgomery County, Pennsylvania. *See* Gov't's Mem. 11, Dec. 27, 2021, (Presentence Investigation Report). Mr. Stenz has four younger siblings and was raised by an intact family in the County where he currently resides. *Id.* Mr. Stenz began dating his wife, Carla, in 1987, when he was seventeen and married her in February of 2005; he reports that they have "an excellent marriage". *Id.*, 11-12.

The couple has three children: Brianna Stenz, age 26, resides in Pottstown, PA and is a Registered Nurse; Brian Stenz, Jr., age 20, resides with his parents and is a plumber's apprentice; and Kayla Stenz, age 22, is a senior at LaSalle College on the Dean's List, and is due with her first child this February of 2022. *Id.*, 12. Mr. Stenz has been the "father figure" of the extended family since his father's death in 2015. *Id.*

Since September, 2020, Mr. Stenz has been employed full-time as a driver and laborer for Delaware Valley Paving in Phoenixville, Pennsylvania. *Id.*, 14. Mr. Stenz works 60-80 hours per

1

week. *Id.* Before that, Mr. Stenz worked as a groundskeeper from 2013 to March 2020, when he was laid off during the pandemic. *Id.*, 15. Prior to that, Mr. Stenz was a "stay-at-home" father to his children. *Id.*

## SUMMARY

Mr. Stenz was unlawfully inside the U.S. Capital during the 'Jan. 6' insurrection; however, his itinerary did not include an attempt to overthrow the government, nor did he anticipate the harm and destruction that occurred on that day.

Mr. Stenz's participation on 'Jan. 6' was much less reproachable than the conduct of those individuals that America watched attack the Capital Police and threaten the lives of our legislators—this lessened culpability is supported by the Government's Presentence Report and its Recommendation. *See* Gov't's Mem. 1, Jan. 20, 2022, (Sentencing Recommendation) ("Mr. Stenz's culpability appears to be minimal in contrast with rioters who destroyed or stole government property and assaulted or threatened the law enforcement officers on that date.").

## FACTS

On January, 6, 2021, Mr. Stenz joined other protestors gathered at the U.S. Capital. On this day, Mr. Stenz engaged in criminal conduct by unlawfully entering the U.S. Capital Building. The entirety of Defendant's criminal activity is as follows: At approximately 2:43 p.m., Mr. Stenz joined one of the crowds and entered the Capital through the Senate Wing door, stayed for eight minutes, took pictures inside, and then left the Capital once he became aware of the crowd's growing hostility, "[once he] saw all the destruction and chaos going on inside." Gov't Mem. 7, Dec. 27, 2021. Soon after Mr. Stenz retreated from the crowd, he got on a train back to Pennsylvania. Mr. Stenz knew that he was not permitted in the Capital Building, but he retreated one he noticed the damage being done.

**DISCUSSION**

There is shared culpability here, but this Court should distinguish between participators who represent a threat to others and those who do not.

Mr. Stenz agrees with the Government's Recommendation that a probation sentence is appropriate with respect to deterrence, community safety, and punishment.

With that said, Mr. Stenz respectfully prays for this Court to sentence him to a ***probationary period of no more than twenty-four (24) months.*** Specifically, Mr. Stenz hopes that Your Honor recognizes his acceptance of responsibility for the events of 'Jan. 6.'

Mr. Stenz has no desire to stray from *mea culpa*; however, Mr. Stenz respectfully requests this Court to exclude the Government's Recommendation of sixty (60) days of location monitoring and substance abuse mitigation. Mr. Stenz is still a great American: he works sixty-eighty (60-80) hours per week as a driver and laborer, supporting a large family in the suburbs of Philadelphia. Mr. Stenz's youngest daughter, Kayla, is due to with her first child in February, and if he had known that traveling to D.C. for a protest could land him in prison during the birth of his first grandchild, then he would never have left Pennsylvania.

Regarding his conditions of supervised release, Mr. Stenz's criminal history dates back to 1990, and it is of note that this includes alcohol as well as marijuana-related offenses. It is also of note that Mr. Stenz has abstained from drinking since 2018 and currently attends counseling monthly.

The counseling is primarily meant to mitigate symptoms of PTSD (post-traumatic stress disorder) which is attributed to a housefire in May, 2017, after he ran back into the burning house because he thought his children were still inside. As a result, Mr. Stenz suffered burns on over seventy-percent of his body. Based on the positive changes Mr. Stenz has made since his

last criminal infraction in 2018, (such as quitting alcohol and routinely attending counseling), concerning his past substance abuse issues with the case at hand would be inordinate. To support, Mr. Stenz's conduct at the capital, though unlawful, was in no way connected to substance abuse. Reasons for 'Jan. 6' are evasive, but it is a stretch to say that marijuana played a part in Mr. Stenz's involvement.

The events of 'Jan. 6' present deeply politicized issues that are uniquely connected to an historic, yet scary moment, but each of the individuals involved are also unique and Mr. Stenz is not as culpable as the more nefarious participants who actually led a violent siege onto the U.S. Capital.

Mr. Stenz came forward on his own accord after watching the FBI's request for all 'Jan. 6' participants to surrender on the news. Upon surrender, Mr. Stenz fully disclosed all information pertaining to his knowledge of and participation in the riot.

Also, Mr. Stenz wholly accepted responsibility for **however** his conduct attributed to the damage or harm caused during the riot. Although Mr. Stenz did not directly cause any damage, he has consistently acknowledged that his mere presence could have contributed.

This case is haunted with publicity, but the more than 725 people arrested in connection with 'Jan. 6' did not commit one equally heinous act.[1] Mr. Stenz did not travel to D.C. with criminal intent, he went to protest—when other participants grew in hostility, Mr. Stenz retreated from the scene and then went home.

Due to Mr. Stenz's cooperation and thorough investigations by the government agencies involved, the facts of his involvement are entirely known and stipulated to. In all, the record

---

[1] Nik Popli and Julia Zorthian, *What Happened to Jan. 6 Insurrectionists Arrested in the Year Since the Capital Riot*, TIME, (Jan. 6, 2022), *available at* https://time.com/6133336/jan-6-capitol-riot-arrests-sentences/.

reflects that the result of 'Jan. 6' was as incomprehensible to Mr. Stenz as it was to every other American that did not storm our Capital with violent intentions fueled by hateful theories.

Preventing another 'Jan. 6' is paramount, and the purpose of sentencing includes the need for the sentence imposed to, *inter alia*, promote respect for the law. 18 U.S.C. § 3553(a)(2)(A). Mr. Stenz understands that his sentence must reflect a stance against similar conduct and respectfully accepts Your Honor's decision. Mr. Stenz also appreciates that the Government recommends probation even though he is connected to such infamy. No one denies that the crowd at 'Jan. 6' became a threat to our Nation's security, but Mr. Stenz did not acquiesce in this threat—he proved an unlikelihood of recidivism by leaving the Capital eight minutes after he entered.

**WHEREFORE**, Your Defendant, Brian E. Stenz, respectfully prays that Your Honorable Court accept this argument as support for probation in this case.

Respectfully Submitted,

    /s/Joseph M. Marrone
***JOSEPH M. MARRONE, ESQ.***
Attorney for Defendant

**DATED:**       1/31/2022

## **VERIFICATION**

    ***JOSEPH M. MARRONE***, states that he is the attorney for the Defendant herein, that he is acquainted with the facts set forth in the foregoing Motion/Petition; that the same are true and correct to the best of his knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

/s/Joseph M. Marrone  
***JOSEPH M. MARRONE, ESQ.***  
Attorney for Defendant

**DATED:**  1/31/2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**MARRONE LAW FIRM, LLC**
**Joseph M. Marrone, Esq.**                          **ATTORNEY FOR DEFENDANT**
Attorney Identification No. 64920
200 S. Broad St., Suite 400
Philadelphia, PA 19102
(215) 732-6700
jmarrone@marronelaw.com

---

**UNITED STATES OF AMERICA**           :
                                       :
                                       :
           VS.                         :       **DOCKET NO. 0090 1:21CR00456-001**
                                       :
                                       :
**BRIAN E. STENZ**                     :

---

## CERTIFICATE OF SERVICE

I, ***JOSEPH M. MARRONE***, herby certify that a true and correct copy of the foregoing motion was forwarded by regular U.S. mail and/or electronically to the following party:

**U.S. Attorney's Office**
**555 4th St. NW,**
**Washington, DC 20530**


          /s/ Joseph M. Marrone
     ***JOSEPH M. MARRONE, ESQ.***
           Attorney for Defendant


**DATED:**    1/31/2022